```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

COLONY INSURANCE COMPANY,

    Plaintiff,

v.                                Case No. 8:20-cv-2775-VMC-AAS

MAGNEGAS WELDING SUPPLY-
SOUTHEAST, LLC., TARONIS FUELS,
INC., KICKIN GAS PARTNERS, INC.,
And STEVEN LAWRENCE,

    Defendants.

_____/

## ORDER

This matter comes before the Court pursuant to Plaintiff Colony Insurance Company's Motion for Summary Judgment (Doc. # 20), filed on March 9, 2021, and Defendants MagneGas Welding Supply-Southeast, LLC and Taronis Fuels, Inc.'s Motion for Summary Judgment (Doc. # 32), filed on March 29, 2021. For the reasons discussed below, Colony's Motion is granted and Defendants' Motion is denied.

**I.  Background**

    **A.  The Insurance Policy and Insureds**

The following facts are undisputed. Effective from November 7, 2017, through November 7, 2018, Equipment Sales & Service, Inc. purchased a commercial general liability

insurance policy ("the policy") from Plaintiff Colony Insurance Company. (Doc. # 20-2 at 4). The policy, in relevant part, provided for a $1,000,000.00 per occurrence limit. (Id. at 8). The policy defined an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Id. at 23). The policy did not define "accident." (Id.).

On January 8, 2018, the policy was endorsed to add Defendants MagneGas Welding Supply-Southeast, LLC and Kickin Gas Partners, Inc. as insureds. (Doc. # 20-3).

On May 9, 2019, Equipment Sales & Service, Inc. filed Articles of Conversion and converted into the name MagneGas Welding Supply-Southeast, LLC., f/k/a Equipment Sales & Service, Inc. (Doc. # 20-1).

### B. The June 6, 2018, Gas Explosion

On June 6, 2018, a cylinder of nitrogen, butane, and propane gas exploded at Suwannee Iron Works & Fence, Inc. (Doc. # 20-7 at 1). The explosion killed Andrew Reynolds, who worked at the site. (Id.). Defendant Steven Lawrence, another employee who was standing approximately forty feet from the blast, witnessed the explosion and Andrew Reynolds' death. (Doc. # 32-1 at 1-2).

On May 15, 2020, Melinda Reynolds — the wife of Andrew Reynolds — filed a wrongful death action against several entities she believed to be responsible for her husband's death, including MagneGas-Southeast, Kickin Gas, and Defendant Taronis Technologies, Inc. (Doc. # 20-4). She subsequently served these entities a proposed settlement agreement offering to resolve all pending claims in exchange for $2,000,000.00. (Doc. # 20-5). Pursuant to this agreement, Colony paid $1,000,000.00 to Melinda Reynolds and the case was dismissed with prejudice. (Doc. # 20-6).

On September 17, 2020, Colony received a settlement demand letter from Lawrence in the amount of $1,000,000.00. (Doc. # 20-7). The letter explained that Lawrence was "caught in the explosion as well [as Andrew Reynolds], suffering permanent injury." (Id.). Specifically, Lawrence alleged that he "was left with permanent hearing loss in both ears," and has suffered severe "emotional and psychological scarring" from "experienc[ing] the unthinkable tragedy of watching his friend and co-worker's body sever in half due to the magnitude of the explosion," as well as "[holding] his friend and co-worker until their last dying breath." (Id.).

### C. The Instant Action

Upon receiving the settlement letter from Lawrence, Colony filed the instant action in federal court. (Doc. # 1). The one-count complaint, filed against MagneGas-Southeast, Taronis, Kickin Gas, and Lawrence on November 24, 2020, seeks declaratory judgment that "there is no coverage in connection with the loss(es) arising out of the incident(s) as alleged by Steven Lawrence, under the terms of the Policy, and that [Colony] is not obligated to expend any sums on behalf of any of the named Defendants or any other purported insured with regards to these claims." (Id. at ¶ 32).

MagneGas-Southeast and Taronis filed their answer and affirmative defenses on December 31, 2020. (Doc. # 8). Lawrence and Kickin Gas failed to appear, and Colony moved for entry of default against them on March 19, 2021. (Doc. ## 23, 24). The Clerk entered default against both parties on March 22, 2021. (Doc. ## 25, 26). Colony subsequently filed a motion for default judgment against both Lawrence and Kickin Gas on April 12, 2021. (Doc. # 40).

On March 9, 2021, Colony moved for summary judgment on Count I of the complaint. (Doc. # 20). MagneGas-Southeast and Taronis filed their combined response and Cross-Motion for Summary Judgment on March 29, 2021. (Doc. # 32).

Colony filed its reply in further support of its Motion on April 12, 2021, (Doc. # 39), and its response to Defendants' Cross-Motion on April 19, 2021. (Doc. # 43). Defendants did not file a reply in further support of their Motion, and the time to do so has lapsed. Both Motions are therefore ripe for review.

## II. Legal Standard

Summary Judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing

the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

"Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts." Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983). If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should

6

not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)).

Finally, the filing of cross-motions for summary judgment does not give rise to any presumption that no genuine issues of material fact exist. Rather, "[c]ross-motions must be considered separately, as each movant bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." Shaw Constructors v. ICF Kaiser Eng'rs, Inc., 395 F.3d 533, 538–39 (5th Cir. 2004); see also United States v. Oakley, 744 F.2d 1553, 1555 (11th Cir. 1984) ("Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed . . . ." (quotation omitted)).

## III. Analysis

Both parties move for summary judgment on Count I. (Doc. ## 20, 32). The Court will examine each Motion in turn.

### A. Colony's Motion

In its Motion, Colony argues that summary judgment is warranted because, by paying the settlement to Melinda

7

Reynolds, it "exhausted its [$1,000,000.00] per 'occurrence' limit" for the June 6, 2018, explosion. (Doc. # 20 at 1-2). Lawrence, according to Colony, seeks to recover for that same occurrence, therefore Colony has "no duty to defend, indemnify, or settle the claim brought by [] Lawrence." (Id.).

In their response and Counter-Motion, Defendants do not contest that Colony has paid out $1,000,000.00 to Melinda Reynolds for the June 6, 2018, gas explosion. (Doc. # 32 at 2). Nor do they contest that Lawrence's physical injuries — i.e. hearing loss — arise out of the same explosion that caused Reynolds' death. (Id. at 6) ("The explosion in the instant case caused the physical injuries to and death of Mr. Reynolds, as well as hearing loss to Mr. Lawrence."). Defendants' sole argument is that the "policy still provides liability coverage for defense and indemnity for the unresolved claims of Steven Lawrence" because "at least some of his damages and injuries arise out of a separate occurrence." (Id. at 2).

Namely, Defendants point out that Lawrence "held [Andrew] Reynolds' body until he stopped breathing, approximately 4 to 5 minutes after the initial explosion." (Doc. # 32-1 at 2). Lawrence has declared that he continues to suffer from emotional trauma and psychological scarring

8

from his "observations and contact with [Andrew] Reynolds after the explosion occurred." (Id.).

Defendants maintain that the explosion represents one occurrence, but Lawrence's psychological trauma "was caused by the events after the explosion, including his observation of the body parts as well as the experience of holding his friend while he passed away." (Doc. # 32 at 8). Per Defendants, Colony has not exhausted the policy for this second occurrence of witnessing a co-worker's death, therefore summary judgment is inappropriate.

Both parties have briefed this matter under Florida law. (Doc. # 20 at 5-6; Doc. # 32 at 5-6). Considering the policy was issued to Equipment Sales & Service, Inc. at its principal office in Florida (Doc. # 20-2 at 4) and the explosion occurred at Suwannee Iron Works & Fence, Inc. — which is located in O'Brien, Florida (Doc. # 20-4 at 4-5) — the Court agrees that Florida contract law governs the case. See Trans Caribbean Lines, Inc. v. Tracor Marine, Inc., 748 F.2d 568, 570 (11th Cir. 1984) (holding that "Florida applies its own laws to interpret policies which are purchased and delivered in that state"); Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1059 (11th Cir. 2007) (noting that generally, the

lex locus contractus of an insurance policy is the state where the insured executed the insurance application).

Furthermore, both parties agree that Florida follows the "cause theory" to determine the number of occurrences under an insurance policy. (Doc. # 20 at 6; Doc. # 32 at 6). Cause theory focuses on the "independent immediate acts that gave rise to the injuries and [] liability," rather than the "[n]umber of injuries or victims." Koikos v. Travelers Ins. Co., 849 So. 2d 263, 273 (Fla. 2003); see also Real Legacy Assur. Co. v. Afif, 409 F. App'x 558, 561 (3d Cir. 2011) (noting that under the cause theory, a court "look[s] to the cause or causes of the resulting injury").

Neither party disputes the application of cause theory to this case; the sole disagreement is whether the explosion and Andrew Reynolds' death constitute one occurrence or two under this theory. (Doc. # 20 at 6; Doc. # 32 at 6-7).

The Court agrees with Colony that "one proximate, uninterrupted, and continuous cause" resulted in both Andrew Reynolds' death and Lawrence's psychological trauma at having to witness that death: the June 6, 2018, gas explosion. Am. Indem. Co. v. McQuaig, 435 So. 2d 414, 416 (Fla. 5th DCA 1983). Therefore, under Florida's cause theory, both injuries arose from the same occurrence and Colony has no duty to

defend, indemnify, or settle Lawrence's claim under the policy.

Defendants cite three main cases for support. First, in Koikos, a single gunman fired "two separate — but nearly concurrent — rounds," injuring several individuals. 849 So. 2d at 265. The Supreme Court of Florida, applying cause theory, held that each firing of the gun constituted a separate occurrence. The Court in American Indemnity Company, also cited by Defendants, similarly found that two separate gunshots were two separate occurrences, despite the fact that they were fired in quick succession. 435 So. 2d at 415. Finally, the court in Maddox v. Florida Farm Bureau General, found that a single dog biting two different children constituted two separate occurrences, even though it was one continuous attack. 129 So. 3d 1179, 1182 (Fla. 5th DCA 2014).

Colony argues that these cases are distinguishable from the instant action (Doc. # 39), and the Court agrees. In all three cases, a discrete action occurred and resulted in an injury. An interval of time, however short, passed before a second discrete action occurred, which inflicted a separate injury on a separate victim. Specifically, in Koikos and American Indemnity Company, multiple gunshots led to multiple injuries, and in Maddox, two separate dog bites injured two

11

different children. 849 So. 2d at 272; 435 So. 2d at 415; 129 So. 3d at 1182.

Here, however, there is no comparable series of events. Rather, it is undisputed that one container exploded one time. (Doc. # 20 at 3; Doc. # 32 at 2). That event may have rippled into multiple injuries, but those injuries all shared the same immediate catalyst: the exploding gas container. See Koikos, 849 So. 2d at 269-70 (explaining how a single gunshot injuring two victims could be considered one occurrence, but two gunshots injuring two victims would be considered separate occurrences).

Had the container exploded twice, or two separate containers exploded, Defendants' argument may be more compelling. But it was the "single force" of one explosion that "once set in motion[,] caused multiple injuries." Am. Indem. Co., 435 So. 2d at 415 (listing cases where one force causing multiple harms could be considered one occurrence, and distinguishing a single shot injuring two individuals from two separate shots, separated by two minutes, injuring two individuals). The Court therefore agrees with Colony that Defendants' cited cases are inapposite.

The Court is more swayed by Colony's cited authority. In Real Legacy Assurance Company, Inc., a child drowned in a

swimming pool and the mother discovered the body sometime later. 409 F. App'x 558. Comparable to this case, the Third Circuit was tasked with determining "whether the drowning and the mother's subsequent discovery of the boy in the swimming pool are one occurrence or two." Id. at 560.

Applying cause theory, the Third Circuit held that there was "but one proximate, uninterrupted, and continuing cause which resulted in all of the injuries and damage — [allowing the child] to step into the pool unsupervised." Id. at 562. This negligent supervision was the "sole proximate cause" of both the child's death and the mother's emotional distress at finding the child, thus there was but one "occurrence" under the insurance policy. Id.

Similar reasoning applies here. Like the mother who found her child, Defendants argue that there are two separate occurrences under the relevant insurance policy: "[Andrew Reynolds'] wrongful death and [his] emotional distress at [witnessing that death and] finding [his friend's body]." Id. at 560. But just as the Third Circuit found negligent supervision to be the immediate cause of both the child's death and his mother's trauma, here "the cause of [Andrew Reynolds'] death and his [friend's] emotional distress at finding [Andrew Reynolds' body] was [an exploding gas

13

container]." Id. at 562. That "one proximate, uninterrupted, and continuing cause [] resulted in all of the injuries and damage." Id.; see also Koikos, 849 So. 2d at 271.

The Court therefore agrees with Colony that Lawrence seeks an insurance claim based on the same occurrence as Melinda Reynolds: the June 6, 2018, gas explosion. Colony has already paid the $1,000,000.00 per occurrence limit for this accident, therefore Colony no duty to defend, indemnify, or settle the claim brought by Lawrence. Colony's Motion is granted on Count I.

### B.   Defendants' Motion

The court has already found that summary judgment in Colony's favor is appropriate, therefore Defendants' Cross-Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Colony Insurance Company's Motion for Summary Judgment (Doc. # 20) is **GRANTED.** Summary judgment is granted in Colony's favor on Count I of the complaint.

(2) Defendants MagneGas Welding Supply-Southeast, LLC and Taronis Fuels, Inc.'s Motion for Summary Judgment (Doc. # 32) is **DENIED.**

14

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of July, 2021.

VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE