UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**COLONY INSURANCE COMPANY,**

    Plaintiff,

v.                                     Case No. 8:20-cv-2775-VMC-AAS

**MAGNEGAS WELDING SUPPLY-
SOUTHEAST, LLC., f/k/a Equipment Sales
& Service, Inc., TARONIS FUELS, INC.,
KICKIN GAS PARTNERS, INC., and
STEVEN LAWRENCE,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Colony Insurance Company (Colony) requests an award of its taxable costs under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920 against MagneGas Welding Supply-Southeast, LLC f/k/a Equipment Sales & Service, Inc. (MagneGas) and Taronis Fuels, Inc. (Taronis), joint and severally. (Doc. 48).

**I.    BACKGROUND**

Colony filed a one-count complaint for declaratory judgment against Defendants MagneGas, Taronis, Kickin Gas Partners, Inc. (Kickin Gas), and Steven Lawrence. (Doc. 1). MagneGas and Taronis appeared and defended the

1

case, while Kickin Gas and Lawrence did not. (*See* Docs. 8, 25, 26).

The court granted summary judgment for Colony and against MagneGas and Taronis, determining that Colony had exhausted the $1,000,000.00 per occurrence limit under the policy at issue and that Colony therefore had no duty to defend, indemnify, or settle the claim brought by Lawrence. (Doc. 45). The court entered default judgment against Kickin Gas and Lawrence. (Doc. 49). The Clerk then entered judgment in Colony's favor and against the defendants. (Doc. 51).

Colony now requests that the court award its prevailing party costs of $677.10 against MagneGas and Taronis. (Doc. 48). MagneGas and Taronis did not respond, and the time to do so has passed.

## II.  ANALYSIS

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "one who has been awarded some relief by the court." *Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Servs.*, 452 F.3d 1254, 1257 (11th Cir. 2006) (citation omitted). In awarding costs, courts are limited to those listed in 28 U.S.C. Section 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). It is within the

2

court's discretion to deny a full award of costs if the court has, and states, a sound reason. *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

The categories of taxable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are obtained for the case; (5) docket fees under 28 U.S.C. Section 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. Section 1828. 28 U.S.C. § 1920.

Having obtained judgment in its favor, Colony is the prevailing party and entitled to taxable costs. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) ("[T]he litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)."). Colony requests an award of $677.10 in taxable costs, which represents: (1) fees of the clerk ($400.00) and (2) service of summons fees ($277.10). (Doc. 48).

### A.  Fees of the Clerk

Colony requests $400.00 to reimburse its filing fee paid to the Clerk. (Doc. 48). Clerk fees are taxable. 28 U.S.C. § 1920(1). "Section 1920 allows for taxation of removal fees." *Lowe v. STME, LLC*, No. 8:18-cv-2667-T-33SPF,

2019 WL 2717197, at *3 (M.D. Fla. June 28, 2019). Thus, Colony should recover its **$400.00** for the filing fee.

### B.   Service Fees

Colony requests costs of service of process on the defendants totaling $277.10, broken down as: (1) service on MagneGas for $55.00; (2) service on Kickin Gas for $55.00; (3) service on Lawrence for $65.00; and (4) service on Taronis for $102.10. (*See* Doc. 48-1, pp. 3-4).

Under Section 1920(1), a prevailing party may recover service of process costs for the complaint, deposition subpoenas, and trial subpoenas. *Powell v. Carey Int'l., Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008). Courts can tax costs for a private process server's fee, but the fee should not exceed the statutory maximum authorized for service by the U.S. Marshals Service. *EEOC v. W & O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000). According to regulations proscribed by the Attorney General, the U.S. Marshals Service may charge $65 per hour for each item served, plus travel costs and other out-of-pocket expenses. 28 U.S.C. § 1921(b); 28 C.F.R. § 0.114(a)(3).

Colony does not request recovery of its costs against Kickin Gas ($55.00) and Lawrence ($65.00). Thus, Colony should not recover $120.00 for service on these two defendants. The fees for service on MagneGas for $55.00 are appropriate. However, the fees for service on Taronis should be reduced from

$102.10 to $65.00, which follows the statutory maximum authorized for service by the U.S. Marshals Service. Thus, Colony's compensable costs for service is **$120.00**.

### III.   CONCLUSION

It is **RECOMMENDED** that Colony's motion to tax costs (Doc. 48) be **GRANTED in part** and **DENIED in part**. Colony should receive an award of **$120.00** in taxable costs against MagneGas and Taronis, joint and severally.

**ENTERED** in Tampa, Florida on August 20, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.